**No. 23-4044**

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

RODOLFO T. ASUNCION, JR.,

                              Plaintiff-Appellant,

v.

THE HONORABLE LLOYD J. AUSTIN, III,
SECRETARY OF DEFENSE,

                              Defendant-Appellee.

---

On Appeal From the United States District Court
for the District of Hawaii

---

## DEFENDANT-APPELLEE'S
## ANSWERING BRIEF

---

CLARE E. CONNORS HI#7936
  *United States Attorney*
  *District of Hawaii*

TRACY J. WEINSTEIN NY#5300579
  *Assistant U.S. Attorney*
  *Room 6100*
  *PJKK Federal Building*
  *300 Ala Moana Blvd.*
  *Honolulu, Hawaii 96850*
  *Telephone: (808) 541-2850*
  Tracy.Weinstein@usdoj.gov

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..........................................................................i

INTRODUCTION ....................................................................................1

QUESTIONS PRESENTED .......................................................................1

STATEMENT OF JURISDICTION ...........................................................2

STATEMENT OF THE CASE ...................................................................3

    A.   Statutory Background.............................................................3

    B.   Nature of the Case and Proceedings Below...........................4

    C.   Statement of Facts ................................................................4

SUMMARY OF ARGUMENT ...................................................................7

STANDARD OF REVIEW.........................................................................8

ARGUMENT ............................................................................................9

I.    The District Court Properly Determined That Asuncion Failed to File the Civil Suit Within the 90-Day Statute of Limitations ........9

    A.   The Statute of Limitations Was Triggered on November 8, 2022 .....................................................................................10

    B.   Equitable Tolling Is Not Warranted.....................................16

II.   The District Court Did Not Abuse Its Discretion When It Denied Asuncion's Motion for Reconsideration .........................................20

CONCLUSION .......................................................................................22

## TABLE OF AUTHORITIES

<u>Cases</u>                                                    <u>Page(s)</u>

*389 Orange St. Partners v. Arnold,*
   179 F.3d 656 (9th Cir.1999)....................................................9

*AMTRAK v. Morgan,*
   536 U.S. 101 (2002).............................................................3

*Ellis v. City of San Diego,*
   176 F.3d 1183 (9th Cir. 1999)................................................8

*Figueroa v. Buccaneer Hotel Inc.,*
   188 F.3d 172 (3rd Cir. 1999) ...............................................16

*Fitten v. Whitley,*
   No. 2:21-cv-00513 TLN AC (PS), 2021 U.S. Dist. LEXIS 197907 (E.D.
   Cal. Oct. 13, 2021), *report and recommendation adopted,* No. 2:21-cv-
   00513-TLN-AC, 2021 U.S. Dist. LEXIS 224362 (E.D. Cal. Nov. 18,
   2021), *aff'd sub nom. Fitten v. Wormuth,* No. 22-15075, 2023 U.S. App.
   LEXIS 6513 (9th Cir. Mar. 20, 2023) ....................................12

*Fitten v. Wormuth,*
   No. 22-15075, 2023 U.S. App. LEXIS 6513
   (9th Cir. Mar. 20, 2023)..............................................11, 12

*Harvey v. City of New Bern Police Dep't.,*
   813 F.2d 652 (4th Cir.1987)..................................................13

*Hayes v. New Jersey Dep't of Human Servs.,*
   108 F.4th 219 (3rd Cir. 2024) ..............................................13

*Irwin v. Dep't of Veteran's Affairs,*
   498 U.S. 89 (1990) ..............................................13, 15, 17

*Kona Enters., Inc. v. Estate of Bishop,*
   229 F.3d 877 (9th Cir. 2000)..................................................9

<u>Cases</u>                                                                    <u>Page(s)</u>

*Lax v. Mayorkas,*
   20 F.4th 1178 (7th Cir. 2021) ........................................................ 10, 11

*Leorna v. U.S. Dept. of State,*
   105 F.3d 548 (9th Cir. 1997)............................................................ 8

*Lewis v. Conners Steel Co.,*
   673 F.2d 1240 (11th Cir. 1982)........................................................ 15

*Long v. Paulson,*
   349 Fed. App'x 145 (9th Cir. 2009)................................................... 19

*Lynn v. W. Gillette, Inc.,*
   564 F.2d 1282 (9th Cir. 1977)........................................................... 13

*Lyons v. England,*
   307 F.3d 1092 (9th Cir. 2002)........................................................... 8

*McCoy v. Dep't of Army,*
   789 F. Supp. 2d 1221 (E.D. Cal. 2011) ........................................... 10, 18

*McDonald v. Saint Louis University,*
   No. 4:22-cv-01121-SRC, 2023 U.S. Dist. LEXIS 111969
   (E.D. Mo. June 29, 2023) ........................................................ 10, 11, 19

*McHenry v. Kean Miller LLP,*
   CIVIL ACTION NO. 22-1581 DIV.(2), 2022 U.S. Dist. LEXIS 173399
   (E.D. La. Sept. 26, 2022)................................................................ 14

*Menominee Indian Tribe of Wisc. v. United States,*
   577 U.S. 250 (2016).......................................................................... 16

*Miller v. Downtown Bid Servs. Corp.,*
   281 F. Supp. 3d 15 (D.D.C. 2017)...................................................... 15

<u>Cases</u>                                                                    <u>Page(s)</u>

*Miranda v. Castro,*
  292 F.3d 1063 (9th Cir. 2002)............................................................20

*Nelmida v. Shelly Eurocars, Inc.,*
  112 F.3d 380 (9th Cir. 1997)........................................................14, 19

*Nelson v. Pima Community College,*
  83 F.3d 1075 (9th Cir. 1996).............................................................9

*Okafor v. United States,*
  846 F.3d 337 (9th Cir. 2017)............................................................20

*Payan v. Aramark Mgmt. Servs. Ltd. P'ship,*
  495 F.3d 1119 (9th Cir. 2007)...........................................................14

*Sch. Dist. No. 1J v. ACandS, Inc.,*
  5 F.3d 1255 (9th Cir. 1993).............................................................21

*Scholar v. Pacific Bell,*
  963 F.2d 264 (9th Cir. 1992)........................................................12, 19

*Scott v. Gino Morena Enterprises, LLC,*
  888 F.3d 1101 (9th Cir. 2018)...........................................................12

*Threadgill v. Moore U.S.A., Inc.,*
  269 F.3d 848 (7th Cir. 2001)............................................................13

<u>Statutes</u>

28 U.S.C. § 1291 .............................................................................3

29 U.S.C. § 794(d).............................................................................3

42 U.S.C. § 2000e-16(c) .....................................................................4

42 U.S.C. § 2000e-5(f)(1) ................................................................4, 12

| Rules | Page(s) |
|---|---|
| Fed. R. App. P. 4(a)(1)(B) | 3 |
| Fed. R. Civ. P. 56(a) | 8 |
| Fed. R. Civ. P. 59(e) | 9 |

Regulations

| | |
|---|---|
| 5 C.F.R. § 1201.151 | 3 |
| 29 C.F.R. § 1614 | 6 |
| 29 C.F.R. § 1614.302 | 3 |
| 29 C.F.R. § 1614.407(a) | 4 |

## INTRODUCTION

Plaintiff-Appellant Rodolfo T. Asuncion, Jr. ("Asuncion") appeals the District Court's dismissal of his Title VII complaint against The Honorable Lloyd J. Austin, III, Secretary of Defense ("United States"), on timeliness grounds.

Asuncion asserts that his complaint was timely filed because the statute of limitations period should have been calculated from when he opened the final agency decision ("FAD") on December 5, 2022, rather than November 8, 2022, when he received the FAD. He asserts that even if the filing window began on November 8, 2022, his complaint was timely because equitable tolling applied.  He further contends that the District Court erred in denying his motion for reconsideration.

The District Court did not err in dismissing Asuncion's civil action because it was filed outside the requisite statutory limitations period. Nor did it abuse its discretion in denying reconsideration.  The judgment should be affirmed.

## QUESTIONS PRESENTED

(1)     Whether the District Court properly dismissed Asuncion's complaint, granting summary judgment based on Asuncion's

1

failure to file his civil action within the 90-day statutory limitations period.

(2)    Whether the District Court properly declined to apply equitable tolling where Asuncion did not establish that he pursued his rights diligently, and that an extraordinary circumstance prevented him from timely filing his civil action.

(3)    Whether the District Court properly denied Asuncion's motion for reconsideration, where Asuncion's motion merely disagreed with the District Court's analysis, raised the same arguments previously addressed and rejected, and relied on case law that was not raised in his underlying brief.

## STATEMENT OF JURISDICTION

On September 14, 2023, the District Court granted the United States' motion to dismiss. ER-5.[1] On October 11, 2023, the District Court denied Asuncion's motion for reconsideration of the order granting the United States' motion to dismiss. ER-7–9. Judgment was entered on October 31, 2023. ER-5. Asuncion filed a timely notice of

---

[1] "ER" refers to the Excerpts of Record submitted by Asuncion.

2

appeal on November 30, 2023.[2]  ER-160–65; *see* Fed. R. App. P.

4(a)(1)(B).  This Court has appellate jurisdiction under 28 U.S.C. §

1291.

## STATEMENT OF THE CASE

### A.    Statutory Background

Claims brought under the Rehabilitation Act, concerning federal

employees' claims of job discrimination based on disability, are

governed by the remedies and procedures applicable to Title VII claims.

29 U.S.C. § 794(d).  A federal employee's right to file a discrimination

claim in federal court is dependent on strict adherence to statutory

filing deadlines.  *See AMTRAK v. Morgan*, 536 U.S. 101, 108 (2002).

Federal employees alleging employment discrimination can choose

between two statutory procedures to exhaust their administrative

remedies: filing a case with the Merit Systems Protection Board, *see* 5

C.F.R. § 1201.151, or filing an Equal Employment Opportunity ("EEO")

complaint within the agency.  29 C.F.R. § 1614.302.  Here, only the

---

[2] Of note, even after receiving multiple extensions, Asuncion's Opening Brief was not timely submitted –just as his complaint before the District Court was not timely filed.  *See* Dkt Entry: 12.1.  Nevertheless, this Court *sua sponte* granted Appellant a 1-day extension of time.  *Id*.

3

EEO process is relevant as Asuncion filed an EEO claim regarding his claim of disability discrimination.

Civil actions must be filed "within ninety days after the [agency's] giving of [final decision] notice." 42 U.S.C. § 2000e-5(f)(1). The implementing regulations state that such civil action must be brought "[w]ithin 90 days of receipt of notice of final action[.]" 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407(a).

## B.    Nature of the Case and Proceedings Below

Asuncion's discrimination claim was adjudicated through the EEO process that resulted in a FAD on November 4, 2022. The FAD found that Asuncion "failed to establish that he was subjected to harassment and disparate treatment on the bases of his disability (Mental – PTSD), or reprisal for the filing of the instant complaint." ER-14–51.

## C.    Statement of Facts

On November 4, 2022, the Defense Logistics Agency ("DLA") issued the FAD. ER-14-51. On November 8, 2022, EEO Complaints Manager Joseph Somerville sent the FAD to Asuncion and his counsel,

4

Shawn Luiz, via email. SER-016–019, 021, 023, 027.[3]  The email
contained a DoD SAFE link, the required "Claim ID," "Claim Passcode,"
and "passphrase," to access the file.  SER-023, 025.  A certificate of
service was attached to the November 8, 2022, email.  SER-017, 021.
Mr. Somerville also received a confirmation that the FAD was
successfully sent to Mr. Luiz and Asuncion.  SER-023.  The
confirmation states, "This is a confirmation that the Drop-off you
recently submitted has been successfully sent to the recipients.  The
email that each recipient received stated: Certificate of Service [and]
Final Agency Decision to CP . . . Drop-off Completed: 2022-11-08
UTC[.]"  *Id.*

On November 14, 2022, Mr. Somerville re-sent the link and the
required "Claim ID," "Claim Passcode," and "passphrase," after Mr.
Luiz informed him that he had an issue accessing the FAD. SER-027,
018.  On December 3, 2022, Mr. Luiz emailed Mr. Somerville and
Deputy Director Kimberly Lewis to request a PDF of the FAD because
he could not open the FAD via the new DoD SAFE link either.  ER-108.

---

[3] "SER" refers to the Supplemental Excerpts of Record submitted by the
United States.

5

On December 5, 2022, Ms. Lewis emailed a copy of the FAD to Mr. Luiz. SER-031–32, 036; ER-107–09. Mr. Luiz confirmed receipt. SER-035. On December 5, 2022, Mr. Luiz also confirmed with Ms. Lewis that "[t]he first email giving notice of a DODSafe document was November 8, 2022," and he asked Ms. Lewis whether the "timelines triggered by the FAD starts from [December 5, 2022]." SER-035. On December 14, 2022, Ms. Lewis advised Mr. Luiz that pursuant to 29 C.F.R. § 1614, the time started when counsel received the FAD and that a new certificate of service would not issue. SER-034. Mr. Luiz replied, "Thank you!" ER-118.

The original certificate of service, which was accessible as an attachment in *every* dispatched email, starting from November 8, 2022, states the following: ". . . I certify that the DLA final agency decision was mailed to the following parties on November 8, 2022." SER-017–18, 021, 023, 027. Asuncion did not file the subject Complaint until March 3, 2023–115 days after service (and receipt) of the FAD on November 8, 2022. ER-131–58.

//

//

6

## SUMMARY OF ARGUMENT

The statute of limitations for Asuncion to file his civil action was triggered on November 8, 2022, when the email containing the final agency decision was received by Asuncion and Mr. Luiz, putting both on notice that a decision had been rendered.

The certificate of service unequivocally states that the FAD was sent on November 8, 2022, and Mr. Sommerville received confirmation that Mr. Luiz and Asuncion received the file and the certificate of service on November 8, 2022. Thus the deadline to file was February 9, 2023. However, Asuncion contends that he and Mr. Luiz were unable to open the FAD until December 5, 2022, and therefore the complaint filed on March 3, 2023, was timely filed within the 90-day window. To accept Asuncion's argument, that the statute of limitations was not triggered until he opened the final agency decision, would allow Asuncion to benefit from an open-ended and manipulable time extension that would render the statutory limitation meaningless.

Despite Mr. Luiz's trace of emails stating that he and Asuncion could not open the DoD SAFE file, he has not shown that equitable tolling is warranted either. DLA, by Ms. Lewis, gave him a clear

7

answer that a new certificate of service would not be issued, and there

was no extraordinary circumstance that prevented him from timely

filing the lawsuit.

As for reconsideration, the District Court correctly found that

Asuncion did not show any newly discovered evidence, a clear error or

manifest injustice, or an intervening change in the controlling law, and

that it was impermissible to raise new arguments based on case law

that he failed to raise in his underlying brief.  Therefore, the District

Court appropriately denied Asuncion's motion for reconsideration.

## **STANDARD OF REVIEW**

This Court reviews a district court's order granting summary

judgment based on the statute of limitations *de novo*.  *See Ellis v. City

of San Diego*, 176 F.3d 1183, 1188 (9th Cir. 1999); *Leorna v. U.S. Dept.

of State*, 105 F.3d 548, 550 (9th Cir. 1997).  The Court must determine,

viewing the evidence in the light most favorable to the nonmoving

party, whether the district court correctly applied the relevant

substantive law and whether there are any genuine issues of material

fact.  Fed. R. Civ. P. 56(a); *Lyons v. England*, 307 F.3d 1092, 1103 (9th

Cir. 2002).  "The mere existence of a 'scintilla' of evidence is not enough

8

to create a 'genuine issue of material fact[.]'" *Nelson v. Pima Community College*, 83 F.3d 1075, 1081 (9th Cir. 1996) (citations omitted).

The Court reviews a district court's denial of a motion for reconsideration for an abuse of discretion under Rule 59(e). *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000) (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 661 (9th Cir.1999)).

## **ARGUMENT**

### I. **The District Court Properly Determined That Asuncion Failed to File the Civil Suit Within the 90-Day Statute of Limitations**

The District Court properly dismissed Asuncion's claim as time-barred, holding that Asuncion's 90-day statute of limitations for filing the civil action was triggered on November 8, 2022 (when notice of the FAD was sent and received), rather than December 5, 2022 (when the FAD was opened), and that equitable tolling is not warranted.

//

//

//

9

### A.    The Statute of Limitations Was Triggered on November 8, 2022

Asuncion conflates receipt of a letter with the opening of a letter, and he misconstrues the relevant case law on what constitutes "receipt" for purposes of determining the 90-day limitations period.

"Receipt" of a FAD for purposes of beginning the statutory limitations period is "actual or constructive notice of the action." *McCoy v. Dep't of Army*, 789 F. Supp. 2d 1221, 1227 (E.D. Cal. 2011). The District Court correctly held that while not binding, *Lax v. Mayorkas*, 20 F.4th 1178, 1182 (7th Cir. 2021), is persuasive and instructive. In *Lax*, the Court found that the filing window had commenced when claimant Lax received and read an email with a FAD, not when claimant opened the attachment. 20 F.4th at 1182. Significantly, though Lax argued that he was unable–rather than unwilling–to read the letter on the day he received it, the court determined that this distinction did not warrant a different result. *Id.*; *see also McDonald v. Saint Louis University*, No. 4:22-cv-01121-SRC, 2023 U.S. Dist. LEXIS 111969, at *14 (E.D. Mo. June 29, 2023) (concluding that because body of email explained that a decision had been made, notification was

10

enough to start the limitations period, regardless of whether the decision was accessible).

Here, the District Court was unwavering in explaining its basis for finding that the ninety-day filing period began on November 8, 2022, which is undoubtedly the date when Asuncion and Mr. Luiz received the notice:

> Although *Lax* and *McDonald* are not binding on this Court, they are nonetheless persuasive to the instant case. Similar to those cases, this Court finds that the ninety-day filing window started on November 8, 2022 when Asuncion and Mr. Luiz received notice that a final agency decision was rendered. The November 8, 2022 email was unambiguous in relaying to Asuncion and Mr. Luiz that a final agency decision was rendered. As Asuncion concedes, "[o]n November 8, 2022, the DLA emailed a Final Agency Decision via DoD Safe files." [Mem. In Opp. At 2.] Asuncion does not contest that is when he received notice. Rather, he states that he was unable to access the file. *See id.* But, like in *Lax* and *McDonald*, the ninety-day filing window started when Asuncion received the email, not when he was able to access the document. *See Lax*, 20 F.4th at 1183; *McDonald*, 2023 WL 426539, at *5.

ER-68.

Similarly, in *Fitten v. Wormuth*, this Court affirmed a district court's judgment dismissing an employment discrimination action as untimely where it was filed more than 90 days after receipt of a FAD by

11

email.  *See* No. 22-15075, 2023 U.S. App. LEXIS 6513 (9th Cir. Mar. 20, 2023).  Like Mr. Luiz, Fitten's counsel acknowledged that he had received an email containing the FAD, but argued that he was unable to open the attachment.  *See Fitten v. Whitley*, No. 2:21-cv-00513 TLN AC (PS), 2021 U.S. Dist. LEXIS 197907, at *9 (E.D. Cal. Oct. 13, 2021), *report and recommendation adopted*, No. 2:21-cv-00513-TLN-AC, 2021 U.S. Dist. LEXIS 224362 (E.D. Cal. Nov. 18, 2021), *aff'd sub nom. Fitten v. Wormuth*, No. 22-15075, 2023 U.S. App. LEXIS 6513 (9th Cir. Mar. 20, 2023).  The agency eventually sent counsel a hard copy of the FAD, but the court nevertheless held that the limitations period began to run when counsel received notice via email because he had "actual knowledge of the issuance of the FAD" on that date. *Id.* at 9–10.

Like Lax and Fitten, Asuncion and Mr. Luiz knew on November 8, 2022, that a FAD had been made.  Thus, the notification itself is what started the 90-day statute of limitations period.  *See Scott v. Gino Morena Enterprises, LLC*, 888 F.3d 1101, 1108 (9th Cir. 2018) ("under a plain reading of § 2000e-5(f)(1), the 90–day period in which a claimant may file a civil action begins when the EEOC gives a right-to-sue notice.");  *Scholar v. Pacific Bell*, 963 F.2d 264, 267 (9th Cir. 1992) (90-

12

day period began running when the right-to-sue notice was received and signed for by claimant's daughter, even if not read by claimant until a few days after); *Lynn v. W. Gillette, Inc.*, 564 F.2d 1282, 1286 n.3 (9th Cir. 1977) (finding that the time for filing a private civil action runs from the time Right to Sue letter is received); *accord Hayes v. New Jersey Dep't of Human Servs.*, 108 F.4th 219, 221 (3rd Cir. 2024) ("[t]he EEOC usually gives [ ] notice in the form of a right-to-sue letter…the 90-day clock typically begins when the [aggrieved party] (or her lawyer) receives the letter."); *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001) ("Two types of receipt of a right-to-sue notice can start running the 90-day limitation period…Both methods of receipt focus on notice to the [claimant]."); *Harvey v. City of New Bern Police Dep't.*, 813 F.2d 652, 654 (4th Cir.1987) (holding that 90–day period began when EEOC's right-to-sue letter was received by claimant's wife, even if claimant did not learn of letter until six days later).

Because receipt, rather than accessibility, controls the trigger for the statute of limitations, Asuncion's alleged inability to access the FAD is not material. *See, e.g.*, *Irwin v. Dep't of Veteran's Affairs*, 498 U.S. 89, 92–93 (1990) (limitations period began when final agency decision was

13

delivered to an attorney's office, even if attorney did not actually receive notice until later); *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1122 (9th Cir. 2007) (limitations period begins when right-to-sue notice letter arrives at address of record, regardless of whether claimant personally saw it); *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 384 (9th Cir. 1997) (limitations period started when delivery was first attempted at claimant's home, even though letter was not actually delivered because no one was home).

Asuncion's citation to *McHenry v. Kean Miller LLP*, CIVIL ACTION NO. 22-1581 DIV.(2), 2022 U.S. Dist. LEXIS 173399 (E.D. La. Sept. 26, 2022) is misleading. *See* Asuncion's Opening Brief at 28–30 (DktEntry: 10.1). There, even though the EEOC notice itself stated that that, "Receipt generally occurs on the date that you (or your representative) view this document[,]" the court calculated the 90-day limitation period to run on the date that the EEOC right-to-sue- letter was received, specifically finding that a claimant's receipt of the notice via email begins the 90-day limitation period. *Id.* at *2, 8–9.

Here, Mr. Luiz conceded, "The first email giving notice of a DODSafe document was November 8, 2022." SER-035. As the District

14

Court noted, it is undisputed and "unambiguous" that that date is when Asuncion and Mr. Luiz were put on notice that a FAD had been rendered. ER-68. Thus, on par with the case law, Asuncion "received" the letter when he and Mr. Luiz received the email containing the FAD and certificate of service on November 8, 2022.

The start of the 90-day limitations period should not be variable–subject to when a claimant opens an attached letter–as Asuncion suggests. As the Eleventh Circuit cogently stated in *Lewis v. Conners Steel Co.* regarding a Title VII action, "[t]here is no reason why a plaintiff should enjoy a manipulable open-ended time extension which could render the statutory limitation meaningless." 673 F.2d 1240, 1242 (11th Cir.1982).

The relevant event, receipt of the FAD by email, is strictly construed. *See Irwin* , 498 U.S. at 94 (the limitations period is "strictly construed"). Because it is undisputed that Asuncion and his counsel received the November 8, 2022, email with the FAD, the 90-day deadline to file a complaint in district court expired on February 6, 2023. *See Miller v. Downtown Bid Servs. Corp.*, 281 F. Supp. 3d 15, 19 (D.D.C. 2017) ("[C]ourts have strictly construed the [ninety]-day statute

15

of limitations in Title VII cases . . . and will dismiss a suit for missing the deadline by even one day") (brackets in original) (internal quotations and citations omitted); *accord Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 176 (3rd Cir. 1999) ("We have held that a claim filed even one day beyond this ninety day window is untimely and may be dismissed absent an equitable reason for disregarding this statutory requirement." (citation omitted)).

Asuncion filed his Complaint on March 3, 2023, well after the 90-day statute of limitations period expired on February 6, 2023. This action was therefore properly dismissed as untimely.

## B.    Equitable Tolling Is Not Warranted

The issue of when Asuncion and Mr. Luiz were able to open the document goes to the question of whether equitable tolling is applicable. "[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Menominee Indian Tribe of Wisc. v. United States*, 577 U.S. 250, 255 (2016) (citation and internal quotation marks omitted). The Supreme Court has made

16

it clear that equitable tolling is applied "only sparingly." *Irwin*, 498 U.S. at 96. Courts have been unforgiving when a late filing is due to a claimant's failure "to exercise due diligence in preserving his legal rights." *Id.*

Mr. Luiz did not provide any indication as to why he could not open the FAD with the provided passcode on two separate occasions. After Mr. Luiz claimed he could not access the FAD delivered on November 8, 2022, or again when it was re-sent on November 11, 2022, he confirmed receipt on December 5, 2022, at which time he was explicitly informed that DLA would not issue a new certificate of service. SER-035, 037, 034. Mr. Luiz acknowledged this with, "[t]hank you!" ER-118.

Here, the District Court correctly reasoned that, "This is not a case 'where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" ER-76 (quoting *Irwin*, 489 U.S. at 96). The certificate of service was accessible as an attachment in every dispatched email from November 8, 2022, and stated that the FAD was transmitted to Asuncion and Mr. Luiz on November 8, 2022. SER-017–18, 021, 023, 027. As the District

17

Court found, the plain text of the certificate of service is clear and dispositive, which makes this case distinguishable from cases where equitable tolling has applied. *Contra McCoy*, 789 F. Supp. 2d at 1228 (equitable tolling applied because plaintiff reasonably relied on agency's statements that email service was not sufficient to trigger the limitations period). If the DLA agent's response was ambiguous to Mr. Luiz, diligence would reasonably require that he follow up about the limitations period or assume that because a new certificate of service would not be issued, the original would control.

Furthermore, the District Court correctly held that Asuncion was not diligent in filing his complaint and that he did not point to any extraordinary circumstances preventing him from doing so: "Ultimately, Asuncion failed to diligently pursue his rights, and no extraordinary circumstances prevented him from timely filing his Complaint. Although Mr. Luiz did not read the FAD until December 5, 2022, there was still about sixty-three days to file a timely complaint." ER-71. Indeed, despite having sixty-three days to file the complaint after opening the FAD on December 5, 2022, Asuncion offers no explanation as to why the remaining time was not sufficient to file the complaint.

18

Claimants in similar scenarios have not been entitled to equitable tolling. *See Scholar*, 963 F.2d at 268 (equitable tolling did not apply where claimant had 76-83 days in which to commence action and gave no explanation why such time was not sufficient to commence the action); *see also Nelmida*, 112 F.3d at 385 (equitable tolling not applicable where claimant offered no explanation for not filing complaint in the ten weeks available to commence timely action); *McDonald*, 2023 U.S. Dist. LEXIS 111969, at *16, 19 (equitable tolling did not apply where claimant still had forty-one days remaining to file suit and did not show that delay was a result of circumstances "truly beyond [her] control.") (brackets in original) (internal quotation marks and citation omitted). Asuncion failed to diligently pursue his rights by waiting to file the complaint until 88 days later, (approximately one month after the limitations period expired).

Asuncion does not point to extraordinary circumstances that prevented him from filing a timely complaint. He failed to show that the alleged inability to open the FAD was anything more than a justification for "a garden variety claim of excusable neglect." *Long v. Paulson*, 349 Fed. App'x 145, 146–47 (9th Cir. 2009) (citation omitted)

19

(concluding that district court did not err in holding that plaintiff's hospitalization, which he claimed prevented him from receiving notice of his claim, did not justify applying equitable tolling). Even if Mr. Luiz had mistakenly thought that the filing window began on December 5, 2022, such a mistake does not constitute an extraordinary circumstance that warrants equitable tolling. *Miranda v. Castro*, 292 F.3d 1063, 1067 (9th Cir. 2002) (holding that counsel's miscalculation of limitations period does not "constitute extraordinary circumstances sufficient to warrant equitable tolling.") (citation omitted). The Ninth Circuit has not permitted equitable tolling for run-of-the-mill mistakes because doing so "would essentially equitably toll limitations periods for every person whose attorney missed a deadline." *Okafor v. United States*, 846 F.3d 337, 340 (9th Cir. 2017) (citations omitted).

Accordingly, the District Court did not err in concluding that equitable tolling was not warranted.

## II.   The District Court Did Not Abuse Its Discretion When It Denied Asuncion's Motion for Reconsideration

The District Court's denial of Asuncion's motion for reconsideration was not an abuse of discretion. "Reconsideration is appropriate if the district court (1) is presented with newly discovered

evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted).

Here, there was no newly discovered evidence or an intervening change in controlling law. Nor did the District Court abuse its discretion by finding that the dismissal of Asuncion's case was not clear error or manifestly unjust – the underlying decision was intricately spelled out with myriad precedent to support the outcome. Asuncion's mere disagreement with the District Court's analysis and decision was insufficient to warrant reconsideration of the decision.

Moreover, as the District Court pointed out, Asuncion relied on case law not cited in the underlying motion nor discussed in the underlying Order. ER-9 (citing SER-007–13). In accordance with precedent, the Court refused to consider those additional arguments (and noted that even if the Court did consider such arguments, the analysis and rulings of the underlying Order would not change). ER-9.

As Asuncion failed to make any showing of newly discovered evidence, a clear error or manifest injustice, or an intervening change in

21

the controlling law, this Court should find that the District Court did

not abuse its discretion in denying Asuncion's motion for

reconsideration and should affirm the judgment in favor of the United

States.

## **CONCLUSION**

For all the foregoing reasons, this Court should affirm the

District Court's judgment below, granting summary judgment in favor

of the United States.

Respectfully submitted,
CLARE E. CONNORS
  *United States Attorney*

/s/ Tracy J. Weinstein
_____

TRACY J. WEINSTEIN
  *Assistant U.S. Attorney*
  *Room 6100*
  *PJKK Federal Building*
  *300 Ala Moana Blvd.*
  *Honolulu, Hawaii  96850*
  *Telephone:  (808) 541-2850*
  Tracy.Weinstein@usdoj.gov

October 15, 2024, at Honolulu, Hawaii

22

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** | 23-4044 |

I am the attorney or self-represented party.

**This brief contains** | 4,112 | **words,** including | 0 | words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

⦿ complies with the word limit of Cir. R. 32-1.

◯ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

◯ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

◯ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

◯ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
- ☐ it is a joint brief submitted by separately represented parties.
- ☐ a party or parties are filing a single brief in response to multiple briefs.
- ☐ a party or parties are filing a single brief in response to a longer joint brief.

◯ complies with the length limit designated by court order dated [        ].

◯ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | s/ Tracy J. Weinstein | **Date** | 10/15/2024 |

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 8**                                                                 *Rev. 12/01/22*